THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Albert Graham, Appellant.
 
 
 

Appeal From Saluda County
William P. Keesley, Circuit Court Judge

Unpublished Opinion No.  2009-UP-247
Submitted May 1, 2009  Filed May 28, 2009

AFFIRMED

 
 
 
 Appellate Defender M. Celia Robinson, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior
 Assistant Attorney Norman Mark Rapoport, all of Columbia; and Solicitor Donald
 V. Myers, of Lexington, for Respondent.
 
 
 

PER CURIAM:  Albert Graham appeals his conviction and
 sentence for assault and battery of a high and aggravated nature, arguing the
 trial court erred in admitting a photograph of the alleged crime scene where a
 witness testified the photographs did not truly or accurately represent the
 scene as it existed on the date of the accident.  In this case, the alleged
 incident occurred inside a trailer, with a portion of the event taking place on
 a couch.  The State introduced pictures of the interior of the trailer to
 corroborate the victims testimony. The victim testified the photographs
 accurately reflected the layout of the trailer, but did not depict the inside
 of the trailer as it was on the date of the assault because the couches had
 been replaced.  In explanation, the victim testified the couch in the
 photograph was about the same size as the original couch. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: State v. Tucker, 324 S.C. 155, 167, 478 S.E.2d
 260, 266 (1996) (stating "If [] photographs serve to corroborate
 testimony, it is not an abuse of discretion to admit them," and "[a]
 photograph should be excluded only if it is calculated to arouse the jury's
 sympathy or prejudice or is irrelevant or unnecessary to substantiate
 facts.") (citations omitted); State v. Campbell, 259 S.C. 339, 344,
 191 S.E.2d 770, 773 (1972) ("Even as one who saw the scene is
 permitted from memory to describe it verbally, he is usually permitted to
 describe it using a photograph which he can identify."). 
AFFIRMED.
SHORT,
 WILLIAMS, and LOCKEMY, JJ., concur.        

[1] We decide this case without oral argument pursuant to
Rule 215, SCACR.